## *In re* HOPKINS' WILL.

(*Supreme Court, General Term, Second Department.* June 25, 1888.)

1. WILLS—PROBATE—COMPETENCY OF WITNESS—RE-PROBATE.
   Under Rev. St. N. Y. 2287, providing that, when a will cannot be proved without the testimony of a witness who is a devisee, he may testify, and the legacy shall be void as to him, probate of a will, on the evidence of such witness, is valid, and no re-probate is necessary.

2. SAME—QUALIFICATION OF SURROGATE.
   A surrogate is not disqualified from deciding on the probate of a will, because of a legacy therein to a church of which he is a warden, he having no interest or title in the church property.

Appeal from surrogate's court.

Appeal from an order of the surrogate on petition to re-probate the will of Louis S. Hopkins, deceased. The surrogate refused to re-probate it. The petitioner appeals.

BARNARD, P. J. The wife of the surrogate was a witness to the will, and the will gave a legacy to a church of which the surrogate himself was a vestryman, and these reasons are assigned to revoke the probate. The present petition consented to the probate of the will, without citations and immediately, with a view to probate thereof. The value of the gift to the witness to the will is very trifling, and the petition consents that upon re-probate she may be examined without relinquishment of the legacy. No re-probate is proper for the reason assigned. The witness was sworn, and she cannot take the candle-sticks. She must be a witness, as the will cannot be proved without her testimony, and the legacy is void "so far only as concerns such witness." Rev. St. N. Y. 2287. The surrogate himself had no interest in the will. He was a warden in a church to which a bequest was made. No objection was made to his sitting as probate judge on that account, which seems to be necessary under section 2497 of the Code, but he had no interest in the church fund. He was one of several who managed the temporalities of a church, and had no title whatever in its property, and was not disqualified. *In re Ryers*, 72 N. Y. 1. The order of the surrogate should therefore be affirmed, with costs.